Judge Brooke.
The judgment of the general court, which is set forth in the special verdict in this case, conforms to the 30th section of the act, entitled “ An act for settling the titles and bounds of lands, and for preventing unlawful hunting and ranging,” passed in the year 1748. Under the operation of that section, the judgment in effect revested the legal title to the land in question in the crown, and, at the same time, entitled the petitioners, John and Charles Christian, under whom the lessors of the plaintiff claim, to a grant, upon the same conditions and provisions as if the land had not before been patented. There is nothing in the act which limits the right of the petitioners in point of time; and, unless the land had again been petitioned for as lapsed land, and adjudged forfeited, the lessors of the plaintiff, yrho have deduced an unquestionable title from the petitioners John and Charles Christian, are still entitled to a patent from the commonwealth, on which the title of the crown has devolved. Having a title to a grant, and it being found in the special verdict that the lessors of the plaintiff, and those under whom they claim, have been in the undisturbed possession of the land in the declaration mentioned, from the year 1774 until the year 1800, *262 I am of opinion they have made out a good title in this action against the defendant; and that the judgment of -t^e ¿¡strict court must be affirmed.
Judge Roane.
If it were necessary for the appellees in this case to show a complete title to enable them to recover, they would probably not succeed; but they have shown a possession of 26 years; and we are told “ that 20 years’ possession tolls the entry of the person having the right; and • that, consequently, although the very right be in the defendant, yet he cannot justify ejecting the plamtifF.”(a)
To obviate the force of this position, it is said that the appellees, and those under whom they claim, were intruders upon the crown, and consequently gained no right whatsoever by the length of possession. Without questioning the correctness of this doctrine, as applying to the naked case of intrusions upon the demesne lands of the crown, without any colour of title whatsoever; it may be doubted whether it is applicable to the case before us, in which there is a judgment, or certificate, which (although it does not vest an absolute and indefeasible estate in the person who obtains it)(b) gives him u a right to purchase the particular tract of land in preference to others.” The English doctrines on this subject, which have been cited, do not, therefore, seem to apply to this case, in which, on the payment of a moderate composition within a reasonable time, the party might have taken out his patent. On the ground of the 26 years’ possession, therefore, the appellees were entitled to recover; -and the judgment of the district court in their favour is correct, and ought to be affirmed. -
Judge Fleming.
It has been decided by this court, in a variety of cases, that a treasury land-warrant cannot be laid on land, as waste and unappropriated, that has been patented and settled; and, more especially, where *263 (as in the case before us) the land had been in quiet possession of others, lawfully acquired, for near thirty years. I therefore concur in opinion that the judgment be affirmed.
Judgment unanimously affirmed.

 Buller’s, N. P. 103.

 1 Wash. 40. Willcox v. Calloway.